IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00211-RBJ

STEPHANY YAJAIRA ROQUE RAMOS,

    Petitioner,

v.

PAMELA BONDI, ROBERT G. HAGAN,[1]
KRISTI NOEM, and,
JUAN BALTAZAR,

    Respondents.

## ORDER

    This matter comes before the Court on petitioner Stephany Yajaira Roque Ramos's (petitioner or Ms. Roque Ramos) "Verified Petition for a Writ of Habeas Corpus" (Petition). ECF No. 1. A national and citizen of El Salvador who entered the United States without inspection and has been living here for approximately two years, Ms. Roque Ramos was arrested by U.S. Immigration Customs and Enforcement (ICE) on or about November 25, 2025, during a routine check-in with

---

[1] Petitioner named Robert Guadian, the former Director of the Denver U.S. Immigration and Customs Field Office, in his official capacity, as a respondent in this habeas petition. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes Robert Hagan, Guadian's successor in in that position, and directs the Clerk to update the caption accordingly.

1

ICE.  *Id.* at 2.  She was taken to the Denver Contract Detention Facility where she has remained detained ever since.  *Id.* at 8-9.

Ms. Roque Ramos alleges that respondents are unlawfully detaining her under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act (INA), which mandates detention during removal proceedings for "applicant[s] for admission" who are "seeking admission" to the United States.  *Id.* at 6.  Ms. Roque Ramos asserts that this provision does not apply to her, and therefore, her present mandatory detention violates her right to relief as a member of the Bond Eligible Class certified by a district court in the Central District of California, *see Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, ---F.Supp.3d----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), and in any case, the provisions of the INA.  *See* ECF No. 1 at 10-11.

Petitioner requests, *inter alia*, that this Court order her immediate release from custody, or in the alternative, order respondents to provide her with a bond hearing.  *Id.* at 12.  She further requests that the Court order "any other and further relief" that is just and proper.  *Id.*  For the reasons stated below, this Court will GRANT the petition to the extent that respondents are prohibited from transferring Ms. Roque Ramos from the District of Colorado or removing her from the United States during the pendency of this case.

2

As this Court has previously explained, the question of what provision of the INA properly governs the detention of noncitizens like petitioner is a recurring issue. *See Campos-Melara v. Noem et al.*, 1:25-cv-03929-RBJ, ECF No. 7 (D. Colo. Dec. 9, 2025); *Ugarte Hernandez v. Baltazar et al.*, 1:25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan. 15, 2026).

This Court has the inherent authority under the All Writs Act, 28 U.S.C. § 1651, to preserve its jurisdiction by enjoining the transfer of a noncitizen challenging their mandatory detention under § 1225(b)(2)(A). *See, e.g.*, *Castillo v. Andra-Ybarra*, Civ. No. 25-1074 JB/JFR, 2025 WL 3251223, at *12-13 (D.N.M. Nov. 21, 2025); *Alves v. U.S. DOJ*, Cause No. EP-25-CV-306-KC, 2025 WL 269763, at *5 (W.D. Tex. Sept. 12, 2025). The Court has ordered this preliminary relief in numerous cases presenting this same issue, and will order this relief here. *See, e.g.*, *Campos-Melara*, 1:25-cv-03929-RBJ, ECF No. 7; *Vences Nuñez v. Noem et al.*, 1:25-cv-04046-RBJ, ECF No. 4 (D. Colo. Dec. 18, 2025).

Therefore, to protect the status quo and preserve this Court's jurisdiction, the Court GRANTS the habeas petition only insofar as respondents are hereby enjoined from removing petitioner from the United States or transferring her out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated. At this time, the Court takes no action with respect to the remainder of the relief sought in the habeas petition.

To the extent they have not done so yet, no later than Wednesday, January 21, 2026, counsel for petitioner is directed to: (1) serve respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket.  Counsel for respondents shall promptly enter notices of appearance, and, within 14 days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted by releasing petitioner or requiring a bond hearing within seven (7) days.  *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (explaining that while 28 U.S.C. § 2243 refers to a three-day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself and granting respondents a 14-day deadline to respond) (internal citations omitted).

It is SO ORDERED.

Dated: January 20, 2026         BY THE COURT:

*[signature]*

R. Brooke Jackson
Senior United States District Court Judge