IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00211-RBJ

STEPHANY YAJAIRA ROQUE RAMOS,

    Petitioner,

v.

PAMELA BONDI, ROBERT G. HAGAN,[1]
KRISTI NOEM, and,
JUAN BALTAZAR,

    Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner's "Verified Petition for a Writ of Habeas Corpus" (Petition). ECF No. 1.[2] Petitioner seeks an order granting her immediate release, or, in the alternative, a bond hearing within seven days. *Id.* at 2, 12.

---

[1] Petitioner named Robert Guadian, the former Director of the Denver U.S. Immigration and Customs Field Office, in his official capacity, as a respondent in this habeas petition. Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substitutes Robert Hagan, Guadian's successor in in that position, and directs the Clerk to update the caption accordingly.

[2] This Court previously granted the Petition to the extent that it prohibited respondents from transferring petitioner away from the District of Colorado or removing her from the United States until the termination of this case. ECF No. 5. That Order remains in effect.

1

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is mandatory. If the latter provision controls, as petitioner argues, than she is entitled to a bond hearing before an Immigration Judge.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others this Court has decided raising this precise issue. ECF No. 10 at 1 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)). Respondents further acknowledge and anticipate that "this Court's prior ruling on this issue would lead the Court to reach the same result here[.]" *Id.* at 3.

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*,

*Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case).

The Court has also previously determined that the appropriate relief for this violation is for the noncitizen to receive a prompt bond hearing before an Immigration Judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same)*.* Most recently, in *Vences Nuñez*, the Court explained why the government should bear the burden of proof by clear and convincing evidence to maintain detention. *Id.* at *4-10. Again, the Court incorporates by reference and adopts in full the reasoning in that Order.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED to the extent that respondents are directed to provide petitioner with a bond hearing before an Immigration Judge within seven (7) days of this Order.
2. At that hearing, the government SHALL bear the burden of proof by clear and convincing evidence to maintain petitioner's detention.
3. The parties SHALL, within five (5) days of petitioner's bond hearing, file a joint status report stating whether petitioner was granted bond, and if not, the reasons why bond was denied.

It is SO ORDERED.

Dated: February 5, 2026        BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge